UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ERNESTO VELA-NAVARRO, | § | |
| Petitioner | § | |
| | § | |
| v. | § | Civil Action No. 1:18-cv-170 |
| | § | |
| DEBORAH ACHIM, ET AL., | § | |
| Respondents | § | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

On December 21, 2018, Respondents filed a Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter, Respondents' "First Motion to Dismiss"). Dkt. No. 8. On February 1, 2019, Respondents filed "Respondents' Motion to Dismiss Petition for a Writ of Habeas Corpus as Moot, or Alternatively Respondents' Reply to Petitioner's Response Brief" (hereinafter, Respondents' "Second Motion to Dismiss"). Dkt. No. 22. Respondents' Second Motion to Dismiss notes that, subsequent to the filing of their First Motion to Dismiss, Ernesto Vela-Navarro was removed from this country. As a result, Respondents contend that Vela-Navarro's 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus and accompanying "Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A" (hereinafter, Vela-Navarro's "Petition" and "Motion for Counsel," respectively) should be dismissed as moot. *Id*. at 1. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Respondents' Second Motion to Dismiss; (2) **DISMISS** Vela-Navarro's Petition

and Motion for Counsel as moot; (3) **DISMISS** Respondent's First Motion to Dismiss as moot; and, (3) **DIRECT** the Clerk of the Court to close this case.

### I. Background

Vela-Navarro filed his pro se Petition from the Port Isabel Detention Center on October 25, 2018. Dkt. No. 1 at 1. His Petition names Field Office Director Deborah Achim, Judge Homer Salinas, Carlos Tapia, and the "Field Office U.S. Department of Homeland Security" (hereinafter, "Respondents") as defendants in this action. *Id*. His Petition states that he has been in the custody of U.S. Immigration and Customs Enforcement ("ICE") awaiting deportation since March 14, 2018. *Id*. at 2. He argues that the length of his detention violates his constitutional and statutory rights. *Id*. at 6. More specifically, he makes the following assertions.

1. ICE took him into custody on March 14, 2018. Dkt. No. 1 at 4. He was ordered removed from this country sometime in the first week of March, 2018, or on March 13, 2018. *Id*. at 4, 6. He is not contesting his removal. *Id*. at 2. ICE has not effectuated his removal because his country will not accept him. *Id*. He is a citizen of Honduras but has been previously removed from this country to Mexico. He has lived in Mexico in the past but is not a national of that country. *Id*. at 6; *see also* Dkt. No. 11 at 1 ("For purpose of expedite removal, Petitioner re indicates his nationality as to be from Honduras on 3/21/18, who once resided in the Country of Mexico but is not a national of such country. On previous occasion petitioner was indeed removed to Mexico as recorded in the exhibits 2, provided by the Government.") (errors in original).

2. He has requested travel documents from Honduras, and "humanitarian Parole" from Mexico. Dkt. No. 11 at 2. He is seeking removal to either country in good faith. *Id.* at 2-3. He has provided truthful information to ICE and is assisting in their efforts to remove him. *Id.* However, because Mexico and Honduras will not accept him, his removal is unlikely to occur in the reasonably foreseeable future. *Id.* at 2.

3. Deportation officers are harassing him by threatening to charge him with a crime. They have also falsely accused him of receiving visitors, phone calls, and monies for his commissary account. He does not have friends or family who can visit him or deposit funds into his account. Dkt. No. 11 at 2.

4. The Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) supports his Petition. Dkt. No. 1 at 6. Specifically, his continued detention "contravenes 8 U.S.C. §1231(a)(6) as interpreted by the U.S. Supreme Court in Zadvydas." *Id.* (errors in original). His continued detention also "violates his rights to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint; in violation of the V amedment." *Id.* (errors in original). For these reasons, he is entitled to immediate release. *Id.* at 7.

On December 21, 2018, Respondents filed their First Motion to Dismiss. Dkt. No. 8. Respondents' First Motion to Dismiss provided two main grounds for the dismissal of Vela-Navarro's Petition. *Id.* at 1. First, they argued that Vela-Navarro's Petition was "premature because he was ordered removed on August 9, 2018, and thus he ha[d] not been in post-removal detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*." *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)). Second, they asserted that Vela-Navarro's "conflicting statements about his nationality

have hampered the Government's ability to remove him, and thus serve to extend the removal period of 8 U.S.C. § 1231(a)(1)(A)." *Id.*[1]

Vela-Navarro filed a "Motion to Oppose" Respondents' First Motion to Dismiss (hereinafter, Vela-Navarro's "Response") on January 10, 2019. Dkt. No. 11. On January 15, 2019, Respondents filed a "Motion for a Stay of Respondents' Reply Brief Deadline in Light of Lapse of Appropriations" (hereinafter, Respondents' "Motion for Stay"). Dkt. No. 12. The Court granted Respondents' Motion for Stay that same day. Dkt. No. 13.[2] Subsequently, Vela-Navarro filed his Motion for Counsel, which argued that he is entitled to discovery, an evidentiary hearing, and the appointment of counsel. Dkt. No. 15. The Court denied Vela-Navarro's Motion for Counsel on January 29, 2019. Dkt. No. 18. Respondents filed their Second Motion to Dismiss on February 1, 2019. Dkt. No. 22.

## II. Discussion

Pursuant to 8 U.S.C. § 1231(a)(1)(A), following a final order of removal, "the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This 90–day period is known as the "removal period." *Id.* However, § 1231(a)(6) of Title 8 authorizes aliens removable for violations of criminal law to be detained beyond the 90-day removal period. 8 U.S.C. § 1231(a)(6)

---

[1] In their First Motion to Dismiss, Respondents provided correct Rule 12(b)(6) arguments for dismissal, but they provided no on-point authority for their Rule 12(b)(1) arguments for dismissal. Regardless, Respondents' First Motion to Dismiss will be rendered moot by the granting of Respondents' Second Motion to Dismiss.

[2] The Court stayed the deadline for the filing of Respondents' reply, but not the case.

(stating that aliens inadmissible or removable under 8 U.S.C. §§ 1182, 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) "may be detained beyond the removal period"). In *Zadvydas v. Davis*, the Supreme Court held that, under 8 U.S.C. § 1231(a)(6), such removable aliens cannot be held indefinitely. 533 U.S. 678, 699 ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). Instead, detention is only allowed for a reasonable period, and six months is considered a presumptively reasonable period to effectuate removal. *Id.* at 702.

The record before the Court reveals that, on December 22, 2008, the District Court of Douglas County, Kansas convicted Vela-Navarro (a/k/a Alejandro Hernandez Vargas)[3] of raping a child under the age of 14, when he was approximately 30-31 years old. Dkt. No. 9-5 at 1, 2, 7 (Entry of Judgment); Dkt. No. 9-4 at 1 (listing Vela-Navarro's year of birth). This conviction made him "deportable as an alien convicted of an aggravated felony pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(iii)." Dkt. No. 9-8 at 1. This conviction also authorized the Department of Homeland Security ("DHS") to extend Vela-Navarro's removal period beyond the ordinary 90-day period. *See* 8 U.S.C. § 1231(a)(6) (stating that aliens inadmissible or removable under 8 U.S.C. § 1227(a)(2) "may be detained beyond the removal period"). Pursuant to *Zadvydas v. Davis*, it is presumptively reasonable for the DHS to effectuate Vela-Navarro's removal up to six months after of the issuance of his final order of removal. 533 U.S. 678, 702.

---

[3] Respondents assert that Vela-Navarro has used various aliases in the past, such as Alejandro Hernandez Vargas. Dkt. No. 8 at 2. Vela-Navarro's records confirm this information. *See, e.g.*, Dkt. No. 9-6 at 1; Dkt. No. 10 at 1.

Contrary to Vela-Navarro's assertions, his final order of removal did not issue in March of 2018. *See* Dkt. No. 9-8 at 1. Instead, his final order of removal issued on August 9, 2018. *Id*. It is, therefore, presumptively reasonable for the DHS to effectuate Vela-Navarro's removal anytime before February 9, 2019. Respondent has provided documentation that Vela-Navarro was removed from this country on January 16, 2019. Dkt. No. 22-1. Vela-Navarro's Petition challenges his physical detention, and not the terms of his release, or any other collateral consequence of his detention. Dkt. No. 1 at 1-7. Because his Petition only challenges his physical detention, it is subject to dismissal on mootness grounds because he has been released. *See Lam v. DHS-ICE-Port Isabel Det. Ctr.*, No. 1:18-CV-096, 2018 WL 4974100, at *1 (S.D. Tex. Sept. 19, 2018), *report and recommendation adopted*, No. 1:18-CV-096, 2018 WL 4964510 (S.D. Tex. Oct. 15, 2018) ("To the extent that Lam's Petition challenges his physical detention, his Petition is subject to dismissal on mootness grounds because he has been released."); *Qiang Jin Lin v. Nielsen*, No. 1:18-CV-078, 2018 WL 4055357, at *1 (S.D. Tex. July 24, 2018), *report and recommendation adopted*, No. 1:18CV78, 2018 WL 4054883 (S.D. Tex. Aug. 24, 2018) ("Lin's Petition only challenged his ICE detention, and not the current terms of his supervised release, or any other collateral consequence of his detention. Accordingly, for the reasons correctly provided by Respondents, Lin's Petition and case are now moot, and should be DISMISSED.") (internal record citations omitted); *Ramos v. Olivarez*, Civil Action No. B–14–266, 2015 WL 12840469, at *3 (S.D. Tex., July 31, 2015), *report and recommendation adopted,* (S.D. Tex., Aug. 31, 2015) ("Ramos's Petition contests his prolonged detention in ICE's custody, and asks the Court to order his

release from that custody. Having been released from that custody, Ramos's Petition and case are now moot and should be dismissed.") (collecting cases).

### III. Recommendation

It is recommended that the Court: (1) **GRANT** Respondents' Second Motion to Dismiss; (2) **DISMISS** Vela-Navarro's Petition and Motion for Counsel as moot; (3) **DISMISS** Respondent's First Motion to Dismiss as moot; and, (3) **DIRECT** the Clerk of the Court to close this case.

### IV. Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 4th day of February, 2019.

Ignacio Torteya, III
United States Magistrate Judge